## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

|  |  |  |
|---|---|---|
| ANGELA WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO.: 5:25-cv-00358 |
| | ) | |
| EAST COAST WAFFLES, INC. | ) | |
| and WAFFLE HOUSE, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANTS' ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

Defendants, EAST COAST WAFFLES, INC. and WAFFLE HOUSE, INC. ("Defendants"), through their undersigned counsel and pursuant to Rules 8, 12, and 81 of the Federal Rules of Civil Procedure, answer the correspondingly numbered paragraphs of the Complaint (the "Complaint") filed by Plaintiff, ANGELA WILLIAMS ("Plaintiff") (Doc. 1-1), and assert defenses as follows:

## JURISDICTION

1.      Defendants admit only that this purports to be an action for damages in excess of $50,000.00, exclusive of attorneys' fees, costs, and interest. Defendants deny any violation of the law or that Plaintiff is entitled to any relief.

2.      Defendants are without sufficient information or knowledge to form a belief as to the truthfulness of the allegations in Paragraph 2 of the Complaint and, therefore, deny same.

3.      Defendants admit that Defendant EAST COAST WAFFLES, INC., is a Georgia corporation, registered and authorized to conduct business in the state of Florida and it regularly conducts business in Marion County, Florida.

4.      Defendants admit that Defendant WAFFLE HOUSE, INC., is a Georgia corporation, registered and authorized to conduct business in the state of Florida and it regularly conducts business in Marion County, Florida.

5.      Defendants deny the allegations in Paragraph 5 of the Complaint. For venue purposes only, venue is proper in the United States District Court, Middle District of Florida, Ocala Division. Defendants deny any violation of law.

## ADMINISTRATIVE PREREQUISITES

6.      The allegations contained in Paragraph 6 of the Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny such allegations.

7.      The allegations contained in Paragraph 7 of the Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny such allegations.

8.      Defendants admit it has been 180 days since Plaintiff filed her Charge of Discrimination with the EEOC and FCHR.

9.      The allegations contained in Paragraph 9 of the Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny such allegations.

10.     The allegations contained in Paragraph 10 of the Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny such allegations.

11.     Defendants admit Defendant EAST COAST WAFFLES, INC., employs more than fifteen (15) employees.

12.     Defendants admit Defendant WAFFLE HOUSE, INC., employs more than fifteen (15) employees.

## GENERAL ALLEGATIONS

13.     Defendants admit the allegations in Paragraph 13 of the Complaint insofar as Plaintiff was indeed employed by East Coast Waffles, Inc. (but she was not employed by Waffle House, Inc.).

14.     Defendants deny the allegations in Paragraph 14 of the Complaint.

15.     Defendants deny the allegations in Paragraph 15 of the Complaint.

16.     Defendants deny the allegations and inferences in Paragraph 16 of the Complaint.

17.    Defendants admit to the extent Plaintiff reported an incident in writing.  Defendants do not have sufficient information or knowledge at this juncture to form a belief as to the truthfulness of the remaining allegations in Paragraph 17 of the Complaint and, therefore, deny same.

18.    Defendants deny the allegations in Paragraph 18 of the Complaint.

19.    Defendants deny the allegations in Paragraph 19 of the Complaint.

20.    Defendants deny the allegations in Paragraph 20 of the Complaint.

21.    Defendants admit that Plaintiff was training to be a grill operator longer than it normally takes a new employee to train for that position due to her inability to demonstrate the requisite skill set.  Defendants do not have sufficient information or knowledge at this juncture to form a belief as to the truthfulness of any remaining allegations in Paragraph 21 of the Complaint and, therefore, deny same.

22.    Defendants deny the allegations and inferences in Paragraph 22 of the Complaint.

23.    Defendants deny the allegations and inferences in Paragraph 23 of the Complaint.

24.    Defendants admit only that on May 20, 2024, Plaintiff voluntarily resigned from employment. Defendants deny the remaining allegations and inferences in Paragraph 24 of the Complaint.

## COUNT I
### *Florida Civil Rights Act – Sexual Harassment*

25.    Defendants incorporate their answers to Paragraphs one (1) through twenty-four (24) of the Complaint, as if fully set forth herein.

26.    Defendants admit that Plaintiff is a member of a protected class under the FCRA based on her sex.

27.    The allegations contained in Paragraph 27 of the Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny such allegations.

28.    The allegations contained in Paragraph 28 of the Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny such allegations.

29.    Defendants deny the allegations in Paragraph 29 of the Complaint.

30.    The allegations contained in Paragraph 30 of the Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny such allegations.

31.    Defendants deny the allegations in Paragraph 31 of the Complaint, including Plaintiff's allegation she is entitled to any of the damages or claims for relief requested in subparagraphs (a) through (f).

Defendants deny any violation of law and deny Plaintiff is entitled to any of the damages or claims for relief requested in the unnumbered "WHEREFORE"

paragraph directly following Paragraph 31 of the Complaint and deny that Plaintiff is entitled to any relief therein.

## COUNT II
### *Florida Civil Rights Act - Retaliation*

32.    Defendants incorporate their answers to the allegations in Paragraphs one (1) through twenty-four (24) of the Complaint, as if fully set forth herein.

33.    Defendants deny the allegations in Paragraph 33 of the Complaint.

34.    The allegations contained in Paragraph 34 of the Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny such allegations.

35.    Defendants deny the allegations in Paragraph 35 of the Complaint.

36.    Defendants deny the allegations in Paragraph 36 of the Complaint, including Plaintiff's allegation she is entitled to any of the damages or claims for relief requested in subparagraphs (a) through (f).

Defendants deny any violation of law and deny Plaintiff is entitled to any of the damages or claims for relief requested in the unnumbered "WHEREFORE" paragraph directly following Paragraph 36 of the Complaint and deny that Plaintiff is entitled to any relief therein.

## COUNT III

### *Title VII of the Civil Rights Act – Sexual Harassment*

37.     Defendants incorporate their answers to the allegations in Paragraphs one (1) through twenty-four (24) of the Complaint, as if fully set forth herein.

38.     Defendants admit Plaintiff is a member of a protected class under Title VII based on her sex.

39.     The allegations contained in Paragraph 39 of the Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny such allegations.

40.     The allegations contained in Paragraph 40 of the Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny such allegations.

41.     Defendants deny the allegations in Paragraph 41 of the Complaint.

42.     The allegations contained in Paragraph 42 of the Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny such allegations.

43.     Defendants deny the allegations in Paragraph 43 of the Complaint.

44.     Defendants deny the allegations in Paragraph 44 of the Complaint, including Plaintiff's allegation she is entitled to any of the damages or claims for relief requested in subparagraphs (a) through (f).

Defendants deny any violation of law and deny Plaintiff is entitled to any of the damages or claims for relief requested in the unnumbered "WHEREFORE" paragraph directly following Paragraph 44 of the Complaint and deny that Plaintiff is entitled to any relief therein.

**COUNT IV**
*Title VII of the Civil Rights Act – Retaliation*

45.    Defendants incorporate their answers to the allegations in Paragraphs one (1) through twenty-four (24) of the Complaint, as if fully set forth herein.

46.    Defendants deny the allegations in Paragraph 46 of the Complaint.

47.    The allegations contained in Paragraph 47 of the Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny such allegations.

48.    Defendants deny the allegations in Paragraph 48 of the Complaint.

49.    Defendants deny the allegations in Paragraph 49 of the Complaint, including Plaintiff's allegation she is entitled to any of the damages or claims for relief requested in subparagraphs (a) through (f).

Defendants deny any violation of law and deny Plaintiff is entitled to any of the damages or claims for relief requested in the unnumbered "WHEREFORE" paragraph directly following Paragraph 49 of the Complaint and deny that Plaintiff is entitled to any relief therein.

8

## JURY DEMAND

Defendants acknowledge that Plaintiff requests a trial by jury but deny that there are any issues of fact to be tried and, therefore, deny that Plaintiff is entitled to a jury trial.

## GENERAL DENIAL

All remaining allegations asserted against Defendants that are not specifically admitted or denied herein are hereby denied.

## AFFIRMATIVE AND OTHER DEFENSES

In asserting the defenses that follow, Defendants do not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove. In addition, Defendants are continuing to investigate Plaintiff's allegations; therefore, Defendants reserve the right to amend their Answer and Defenses consistent with the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida to assert such other defenses as they become known through the course of discovery. As separate and distinct defenses to the allegations set forth in the Complaint, Defendants assert the following:

## FIRST DEFENSE

Plaintiff's Complaint fails to state any claim upon which relief can be granted to the extent Plaintiff has failed to allege specific facts to support each and every element of the claims or otherwise failed to provide legally sufficient details

9

to support the conclusory allegations.

## SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to exhaust administrative remedies.

## THIRD DEFENSE

If any allegations of unlawful conduct are true, Defendants' employees acted on their own, in violation of Defendants' strict policies prohibiting such conduct, and acted outside the scope of their employment.

## FOURTH DEFENSE

Any protected activity by Plaintiff was not the but-for cause of any purported adverse employment action.

## FIFTH DEFENSE

Plaintiff's Florida Civil Rights Act ("FCRA") claims are barred, in whole or in part, by applicable statutes of limitations, to the extent they were not presented to the Florida Commission on Human Relations ("FCHR") or the Equal Employment Opportunity Commission ("EEOC") in a timely fashion, and to the extent that they did not occur within the timeframes prescribed by applicable law.

## SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that they exceed the scope of or are inconsistent with the Charge of Discrimination Plaintiff dual filed with the EEOC and FCHR.

## SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff did not suffer an adverse employment action, nor were the material benefits or conditions of Plaintiff's employment significantly altered.

## EIGHTH DEFENSE

Plaintiff's claims fail because all actions taken by Defendants with respect to Plaintiff were undertaken in good faith and for legitimate, non-discriminatory, non-retaliatory reasons unrelated to sex, or any unlawful consideration.

## NINTH DEFENSE

Plaintiff's claims for economic damages should be barred or limited by any after acquired evidence discovered by Defendants that would show Plaintiff's employment would have been terminated on other grounds if she would not have voluntarily resigned.

## TENTH DEFENSE

Defendants exercised reasonable care to prevent and promptly correct any allegedly harassing behavior to which Plaintiff was allegedly subjected.

## ELEVENTH DEFENSE

Plaintiff's claim for harassment is barred and any recovery of damages is precluded because Plaintiff unreasonably failed to take advantage of Defendant's preventive and corrective opportunities or to avoid harm otherwise.

## TWELFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff cannot demonstrate severe and pervasive conduct that altered the terms and conditions of Plaintiff's employment.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred because the complained of conduct was neither offensive nor unwelcome.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because, at all times material to the Complaint, Defendants acted in good faith and in compliance with interpretive guidance with applicable case law and U.S. Equal Employment Opportunity Commission guidance.

## FIFTEENTH DEFENSE

Defendants' conduct was not the direct or proximate cause of any alleged financial loss or any harm allegedly experienced by Plaintiff.

## SIXTEENTH DEFENSE

No causal connection exists between any alleged protected activity by Plaintiff and any adverse employment action.

## SEVENTEENTH DEFENSE

To the extent that Plaintiff is able to prove that any improper motive was a factor in relevant employment decisions, Defendants would have made the same employment decisions regarding Plaintiff regardless of any alleged improper motive.

## EIGHTEENTH DEFENSE

Plaintiff's claims for relief are barred to the extent Plaintiff seeks damages not permitted under the applicable law or that are in excess of the limits imposed by applicable law.

## NINTEENTH DEFENSE

Defendants' conduct and actions were undertaken in good faith, and without malice, reckless disregard, or ill-will toward Plaintiff.

## TWENTIETH DEFENSE

Defendants are entitled to a setoff against any damages awarded against them to the extent that Plaintiff received any wages, compensation, pay, benefits, earnings, remunerations, and profits, regardless of form, during the period that Plaintiff alleges she was entitled to employment.

## TWENTY-FIRST DEFENSE

Plaintiff's claims for damages are barred or reduced by Plaintiff's failure to mitigate any alleged damages by using reasonable diligence to seek and obtain comparable employment elsewhere.

## TWENTY-SECOND DEFENSE

To the extent Plaintiff suffered any damages or losses for which Plaintiff seeks to hold Defendants responsible, those damages or losses were caused in whole or in part by Plaintiff's own acts, conduct, or omissions or the acts, conduct, or omissions of third parties.

## TWENTY-THIRD DEFENSE

Defendants are not liable for Plaintiff's claims for damages set forth in the Complaint to the extent Plaintiff seeks redress for physical or emotional injuries arising from preexisting physical or mental conditions.

## TWENTY-FOURTH DEFENSE

Plaintiff is estopped from claiming damages associated with the termination of Plaintiff's employment because Plaintiff voluntarily resigned.

## TWENTY-FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because they are subject to a valid and enforceable arbitration agreement.

## RESERVATION OF RIGHTS

Defendants reserve the right to raise additional affirmative defenses which may become known during discovery.

WHEREFORE, Defendants, EAST COAST WAFFLES, INC. and WAFFLE HOUSE, INC., having fully answered and responded to the allegations in Plaintiff's Complaint, Defendants respectfully request that:

a.      Plaintiff's claims be stricken or dismissed with prejudice;

b.      Each and every prayer for relief in Plaintiff's Complaint be denied;

c.      Judgment in favor of Defendants and against Plaintiff;

d.      All costs and reasonable attorneys' fees be awarded to Defendants and against Plaintiff; and

e.      Defendants be granted such other and further relief as this Court deems just and proper.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

DATED this 16th day of June, 2025.

                Respectfully submitted,

                JACKSON LEWIS P.C.
                390 North Orange Avenue
                Suite 1285
                Orlando, FL 32801
                Telephone:  (407) 246-8440
                Facsimile:    (407) 246-8441

                By:     */s/ Amanda A. Simpson*
                          Amanda A. Simpson
                          Florida Bar No. 0072817
                          amanda.simpson@jacksonlewis.com

                          Deirdre A. Mullane
                          Florida Bar No. 1058282
                          deirdre.mullane@jacksonlewis.com

                *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of June, 2025, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system and provided via electronic mail to: TDR@FlorinRoebig.com, Thomas D. Roebig, Jr., Esquire and MPollock@FlorinRoebig.com, TaylorRoebig@FlorinRoebig.com, Taylor D. Roebig, Esquire, Florin Roebig, P.A., 777 Alderman Road, Palm Harbor, FL 34683, Attorneys for Plaintiff.

                */s/ Amanda A. Simpson*
                  Amanda A. Simpson

4914-3084-5768, v. 5